

FILED
OCT 15 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COLLECTOR'S COFFEE, INC., and MYKALAI KONTILAI,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEBEVOISE & PLIMPTON LLP, *et al.*,<br><br>    Defendants. | Case: 1:20−mc−00099<br>Assigned To : Unassigned<br>Civil Action No. Assign. Date : 10/15/2020<br>Description: Misc.<br><br>Chief Judge Beryl A. Howell |

## ORDER

Pending before the Court is plaintiffs Collector's Coffee Inc.'s and Mykalai Kontilai's "Request to Enter Motion Under Seal," seeking "to seal this case and the Verified Complaint." Pls.' Mot. to Seal Case ("Pls.' Mot.") at 1.[1] This motion is denied.

"The starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). In a typical motion to seal court filings, courts consider six factors, originally identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980), in determining whether that presumption may be overcome.[2] When, however, a plaintiff initiating a lawsuit moves to

---

[1]  The Chief Judge is tasked with "hear[ing] and determin[ing] . . . motions in any case not already assigned" including "motion[s] to seal the complaint." *See* LCvR 40.7(f). *See also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

[2]  Those factors are:
> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017) (quoting *Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22)).

1

file a case under seal simultaneously with the filing of the complaint, the motion is more akin to a request to proceed under a pseudonym.  In both contexts, the plaintiff is seeking to conceal his identity from the public and thus the same interests are at stake.  Federal Rule of Civil Procedure 10 requires that "[t]he title of the complaint must name all the parties…" FED. R. CIV. P. 10(a). Ensuring that the names of litigants are known to the public promotes a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)). Accordingly, "parties to a lawsuit must typically openly identify themselves in their pleadings." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam) (internal quotation marks and citations omitted).

In special circumstances, however, courts have permitted a party to proceed anonymously.  The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure."  *In re Sealed Case*, 931 F.3d at 96.  When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis."  *In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

As noted, a request, as here, to seal a case from its inception is more akin to an attempt to proceed anonymously than it is to the sealing of particular documents that contain sensitive information. Thus, the factors described in *In re Sealed Case* guide this inquiry. Plaintiffs' motion, however, provides no indication that plaintiffs have any legitimate interest in anonymity that would warrant sealing and does not address the relevant factors. Instead, plaintiffs request to proceed under seal for the following five reasons: (1) defendants allegedly produced some materials under seal in other litigation, Pls.' Mot. ¶ 3; (2) plaintiffs wish to avoid "intense attention of the media," *id.* ¶ 6; (3) plaintiffs "prefer avoidance of full-fledged litigation," *id.* ¶ 9; (4) plaintiffs believe "there are presently Grand Jury proceedings in the District of Columbia, related to the facts alleged herewith," *id.* ¶ 7; and (5) plaintiffs are concerned that "disclosure of the present case may result in excluding a possibility of an early settlement," *id.* ¶ 10. None of these reasons are legitimate interests justifying that this civil suit be allowed to proceed under seal. The fact that some materials that may be at issue in the instant suit may have been

produced under seal in another suit pending in the Southern District of New York is simply insufficient reason to seal this entire case, particularly when the other suit is publicly filed. Further, plaintiffs' belief that sealing this suit may provide some leverage in settlement and help avoid protracted litigation and media attention is likewise insufficient reason for sealing a civil lawsuit. Finally, as to plaintiffs' speculation about an ongoing grand jury investigation, no reason is presented to believe that proceeding publicly with this case would impede any such grand jury proceedings.

Without any justification for allowing plaintiffs to seal their case, the "presumption in favor of disclosure" is unrebutted, and the action will not be sealed. *In re Sealed Case*, 931 F.3d at 96.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion to Seal Case is **DENIED**; and it is further

**ORDERED** that the Clerk is directed not to file the plaintiffs' Complaint until plaintiffs submit notice that plaintiffs seek to proceed with filing the Complaint on the public docket.

**SO ORDERED.**

Date: October 15, 2020

BERYL A. HOWELL
Chief Judge